IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CR3095 |
| | ) | |
| v. | ) | |
| | ) | |
| VICTORIA A. SPARKS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant has filed a § 2255 motion. I will dismiss it with prejudice as it plainly appears that she is not entitled relief.

First, she did take a direct appeal. She could have raised the sentencing issue on appeal and it is now procedurally defaulted. *See*, *e.g.*, *Reid v. United States*, 976 F.2d 446, 447-48 (8th Cir. 1992). She offers no excuses and none are apparent.

Second, the defendant is not entitled to relief under the *Johnson* case because her 2-point gun enhancement was not under the residual clause of the Armed Career Criminal Act of 1984 (ACCA), 18 U. S. C. §924(e)(2)(B), but rather under U.S.S.G. § 2D1.1(b)(1) relating to possession of a dangerous weapon during the commission of a drug trafficking crime. She was not even sentenced under the residual clause of the Guidelines. *See* U.S.S.G. § 4B1.2(a)(2).

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have

applied the appropriate standard and determined that the defendant is not entitled to a certificate of appealability.

IT IS ORDERED that the § 2255 motion (filing no. 57) is denied with prejudice. The related motion (filing no. 56) is denied. No certificate of appealability is or will be issued. A separate judgment will be entered.

DATED this 7th day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge